IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DOROTHY MAE GOSHA,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      CIVIL ACTION NO.: 2:14cv696-WC
                                      )
CAROLYN W. COLVIN,                    )
Acting Commissioner of Social Security, )
                                      )
            Defendant.                )

# MEMORANDUM OPINION

## I.      INTRODUCTION

Dorothy Mae Gosha ("Plaintiff") filed applications for disability insurance benefits

under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq*, and for

supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.*, on

November 28, 2007.  Her applications were denied at the initial administrative level.

Plaintiff then requested and received a hearing before an Administrative Law Judge

("ALJ").  Following the hearing, the ALJ issued a decision finding Plaintiff not disabled

from the alleged onset date of May 7, 2007, through the date of the decision.  Plaintiff

appealed to the Appeals Council, which remanded to the ALJ with instructions for the

ALJ to update the evidence concerning Plaintiff's medical condition, give additional

consideration to Plaintiff's residual functional capacity, obtain supplemental evidence

from a vocational expert, and provide a hearing to the Plaintiff.  Tr. 108-09.  On remand,

the ALJ obtained additional evidence, conducted a second hearing, and ultimately issued another decision finding Plaintiff not disabled from the alleged onset date of May 7, 2007, through the date of the decision.  Plaintiff again appealed to the Appeals Council, which this time rejected her request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 10); Def.'s Consent to Jurisdiction (Doc. 9).  Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner and REMANDS the matter for further proceedings.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

---

[1]     Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step Four.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four.  At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id.*

---

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3]   *McDaniel* is a supplemental security income (SSI) case.  The same sequence applies to disability insurance benefits.  Cases arising under Title XVI are appropriately cited as authority in Title II cases.  *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F.App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v.*

---

whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

*Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . .  No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-eight years old at the time of the second hearing before the ALJ, and had attended twelfth grade, but did not graduate.  Tr. 68, 41.  Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since May 7, 2007, the alleged onset date."  Tr. 22.  At Step Two, the ALJ found that Plaintiff suffers from the severe impairments of "left hand and wrist pain and left knee pain."  *Id.*  At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]"  Tr. 23-24.

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Next, the ALJ found that Plaintiff has the RFC to perform light work with additional exertional limitations which are not relevant to this decision. Tr. 24.  The ALJ did not articulate any pertinent non-exertional limitations in Plaintiff's RFC.  *Id*.  Having consulted with a VE at the hearing, the ALJ concluded at Step Four that Plaintiff "is capable of performing past relevant work as a kitchen helper (medium and unskilled) and companion (light and semiskilled)."  Tr. 29.  In addition, and based upon the testimony of the VE, the ALJ further found that, given Plaintiff's RFC, there are additional jobs existing in significant numbers in the national economy which Plaintiff can perform.  *Id.*  The ALJ identified several representative occupations, including "dietary aide," "ticket seller," and "presser." Tr. 30.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 7, 2007, through the date of this decision[.]"  *Id*.

## IV.  PLAINTIFF'S CLAIM

Plaintiff presents two issues for the court to consider in its review of the Commissioner's decision: 1) whether the ALJ "failed to follow the 'slight abnormality standard in finding Ms. Gosha's" alleged mental impairments are not severe; and 2) whether the ALJ "erred in rejecting an opinion of an examining physician without providing adequate reasons for rejecting this opinion or providing support that Ms. Gosha is able to meet the basic mental demands of work-related activities."  Pl.'s Br. (Doc. 12) at 5.

6

## V.     DISCUSSION

Plaintiff faults the ALJ for failing to find that she suffers from a severe mental impairment and failing to properly credit, or otherwise failing to explain his decision to discredit, certain opinion evidence concerning her mental impairments.    Plaintiff's concerns are well-founded.    As best the court can tell, there are three distinct pieces of opinion evidence concerning Plaintiff's mental impairments in the record.    A review of these items, within the context of the ALJ's two decisions, is necessary in conceptualizing Plaintiff's argument.

Plaintiff was examined by Dr. George, a consultative clinical psychologist, on March 25, 2008.   Tr. 437.   Plaintiff reported to Dr. George that she suffers from severe depression, characterized by suicidal ideation, diminished pleasure, lethargy, feelings of guilt, worthlessness, and lack of interest in social activities, and auditory, visual, and olfactory hallucinations.   *Id.*   She also complained of difficulties managing her anger, panic attacks, and post-traumatic stress related to childhood abuse.    In intelligence testing, she obtained a full scale IQ score of 72, which Dr. George noted is in the "high end of the mildly retarded/low end of borderline range of functioning."   Tr. 439.   Dr. George opined that, "[b]ecause of her anxiety and depression," Plaintiff "will likely require some assistance in those areas of her life involving interaction with the outside world."   Tr. 439.   He further concluded as follows:

> The evaluation indicates that Ms. Gosha has the intellectual and memory ability to understand and remember unskilled and semi-skilled occupations.

> Because of her anxiety and depression it would be unlikely she would be able to persist in a job setting, relate to co-workers, supervisors, and members of the general public, and to cope with job stresses and job changes in the work environment.

Tr. 440.

Subsequently, on April 7, 2008, Dr. Roque completed a Psychiatric Review Technique Form ("PRTF") and Mental Residual Functional Capacity Assessment ("MRFCA"). Tr. 442-459. On the PRTF, Dr. Roque assessed moderate limitations in Plaintiff's abilities to maintain social functioning and maintaining concentration, persistence or pace. Tr. 452. Dr. Roque questioned the believability of Plaintiff's report of her symptoms to Dr. George because Plaintiff did not report any mental problems in her physical consultative examination, has not sought treatment for any such conditions, and did not allege "psych issues on the 3368." Tr. 454. As such, Dr. Roque speculated that, with appropriate treatment, "her condition would be expected to improve within 12 months." *Id.* As to Plaintiff's mental residual functional capacity, Dr. Roque observed no marked restrictions in her abilities, and found moderate limitations only with respect to Plaintiff's ability to understand, remember, and carry-out detailed instructions, maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being distracted by them, complete a normal workday and workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 456-57. Dr. Roque

8

further opined that Plaintiff is moderately limited in essentially all of her social interaction skills, including interacting with the general public, accepting instructions and responding appropriately to criticism from supervisors, getting along with coworkers or peers without distracting them or exhibiting behavioral extremes, and maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness. Tr. 457. Dr. Roque also opined that Plaintiff is moderately limited in her ability to respond appropriately to changes in the work setting. *Id.* Given all of these moderate limitations on Plaintiff's mental RFC, Dr. Roque concluded as follows:

> A.      Claimant could understand and remember simple instructions but not detailed ones.
> B.      Claimant could carry out simple instructions and sustain attention to simple/familiar tasks for extended periods. Claimant would benefit from casual supervision. Claimant would function best with her own work area/station apart from others. Claimant could tolerate ordinary work pressures but should avoid: excessive workloads, quick decision making, rapid changes, and multiple demands.
> C.      Contact with the public should be nonintensive/limited. Feedback should be supportive. Contact with coworkers should be casual. Claimant would be expected to have occasional conflicts with coworkers.
> D.      Claimant could adapt to infrequent, well explained changes.

Tr. 458.

Based upon this evidence, the ALJ found in his first opinion that Plaintiff's depression is a severe impairment. Tr. 88. Although the ALJ reviewed Dr. George's report, Tr. 95-96, he did not explicitly state to what extent he credited Dr. George's opinion or clarify any basis for discrediting the opinion. Indeed, the most that can be said of the ALJ's treatment of Dr. George's opinion is that he did not group it within those

9

opinions which he afforded "great weight."  However, the opinion of Dr. Roque was explicitly included within that group of opinions given "great weight."  Tr. 99.  The ALJ found Dr. Roque's opinion to be supported by "signs" and "symptoms," and "not inconsistent with other substantial evidence of record as a whole."  *Id.*  Nevertheless, in articulating Plaintiff's RFC, the ALJ did not incorporate any limitations or restrictions attributable to her depression and, instead, found that she could perform the full range of medium work.  Tr. 94.  Noting this apparent inconsistency, as well as the ALJ's failure to adequately evaluate the opinions of Drs. George and Roque, the Appeals Council remanded to the ALJ to update the evidence, further consider Plaintiff's RFC with regard to work-related mental activities, and obtain supplemental evidence from a VE.  Tr. 107-09.

On remand, the ALJ obtained a consultative examination from Dr. Ghostley.  In pertinent part, Dr. Ghostley observed "no evidence of suicidal ideation, hallucinations, delusions, phobias, obsessions, or compulsions."  Tr. 523.  He found Plaintiff's "[j]udgment with regard to social functioning and family relationships" unimpaired and further found her level of intellectual functioning to be in the low average to borderline intellectual functioning range.  *Id.*  Dr. Ghostley commented as follows: "Altogether, Ms. Gosha's ability to function independently and manage finances is unimpaired.  Otherwise, her ability to understand, remember, and carry out simple instructions unimpaired, while her ability to respond appropriately to supervisors, co-workers, and

work pressures in a work setting is mildly to moderately impaired at times." *Id.* Dr. Ghostley also completed a Medical Source Statement of Ability to do Work-Related Activities (Mental), in which he opined that Plaintiff has moderate impairment in her ability to make judgments on complex work-related decisions, as well as in her ability to interact appropriately with the public and ability to respond appropriately to usual work situations and to changes in a routine work setting.  Tr. 525.

After conducting a second hearing, the ALJ again issued a decision finding Plaintiff not disabled.  This time, and appearing to draw from Dr. Ghostley's report, the ALJ concluded that Plaintiff's depression is not severe.  Tr. 22.  Although the ALJ acknowledged Dr. Ghostley's finding that Plaintiff's "ability to respond appropriately to supervisors, co-workers, and work pressures in a work setting was mildly to moderately impaired[,]" the ALJ nevertheless concluded that, "considering the totality of the evidence, the claimant has some limitation in these functional areas, but these limitations do not seriously interfere with the activities relevant to these areas."  Tr. 23.  The ALJ again reviewed the opinion evidence offered by Drs. George and Roque.  The ALJ explicitly assigned "little weight" to Dr. George's opinion that Plaintiff would be unable to persist in a job setting due to her anxiety and depression, or that she would struggle to relate to co-workers, supervisors, and members of the general public, as well as cope with stresses and changes in the work environment.  The ALJ deemed Dr. George's opinion internally inconsistent with his separate opinion that Plaintiff has the "intellectual and

memory ability to understand and remember unskilled and semi-skilled occupations." Tr. 26. The ALJ also found Dr. George's opinion unsupported by objective medical evidence and "inconsistent with other substantial medical evidence of record and other medical opinions are more consistent with the record." Tr. 26. Notably, the ALJ did not specify what substantial evidence in the record conflicts with Dr. George's opinion and did not indicate which other medical opinions in the record are inconsistent with that of Dr. George.

The ALJ also adopted a decidedly less favorable view of Dr. Roque's PRTF and MRFCA the second time he reviewed them. Lacking any better indication in the opinion, it appears the ALJ simply substituted his own opinion for that of Dr. Roque in regard to, minimally, Dr. Roque's opinion that Plaintiff is moderately impaired in her ability to complete a normal workweek due to her mental impairments. Tr. 27 ("This opinion is assigned little weight because as noted above, the undersigned finds that the claimant's impairments are not as limited as Dr. Roque finds."). Notably, apart from his bare statement that he does not agree with Dr. Roque, the ALJ did not explain why he previously found Dr. Roque's opinion to be consistent with substantial evidence in the record or why he subsequently found it entitled to little weight.

In addition, despite his seeming endorsement of Dr. Ghostley's report in finding Plaintiff's mental impairments not severe, the ALJ did not even fully credit Dr. Ghostley's opinion. Specifically, as to Dr. Ghostley's opinion that Plaintiff's "ability to

respond appropriately to supervisors, co-workers, and work pressures in a work setting was mildly to moderately impaired," the ALJ gave such opinion "little weight" because the ALJ found it to be inconsistent with Dr. Ghostley's separate opinion that Plaintiff is unimpaired in her ability to function independently and understand, remember, and carry out simple instructions.   Tr. 27.   Likewise, the ALJ found Dr. Ghostley's opinion "not supported by the objective medical evidence," "inconsistent with other substantial medical evidence of record and other medical opinions are more consistent with the record."  Tr. 27-28.  Notably, the ALJ did not indicate what substantial medical evidence in the record conflicts with Dr. Ghostley's opinion about Plaintiff's modest limitations, or what other opinion evidence is more consistent with the record.   While the ALJ listed the sources of opinion evidence which he found credible and assigned significant weight, Tr. 28, based upon the ALJ's subsequent explanation of his reasons for crediting such opinions, it appears that all such opinions concerned Plaintiff's physical RFC and did not in any way related to Plaintiff's mental impairments or mental RFC.   *Id.*   Indeed, considering that the ALJ completely or partially rejected the opinion evidence of Drs. George, Roque, and Ghostley, it simply does not appear that there is any other opinion evidence in the record which could be more consistent with the evidence of Plaintiff's mental impairments in the record.

Given all of the above, the court is troubled by the ALJ's findings with respect to Plaintiff's mental impairments and with the ALJ's treatment of the opinion evidence in

the record.  The ALJ does not adequately explain how Dr. Roque's opinion went from enjoying the support of substantial evidence in the record, and afforded "great weight," to being entitled to little weight, especially considering that the only ostensibly new or intervening evidence concerning Plaintiff's mental impairments was Dr. Ghostley's opinion, which, as described above, the ALJ did not even fully adopt or credit.  Likewise, it appears that, at least with regard to Dr. Roque's opinion about Plaintiff's few moderate mental impairments or limitations, the ALJ simply substituted his opinion for that of Dr. Roque without any appreciable explanation of the basis for his doing so.  Finally, and most troubling, the ALJ dismissed Dr. George's opinion, and a portion of Dr. Ghostley's, with the specious assertion that such opinions are internally inconsistent,[5] as well as inconsistent with substantial medical evidence in the record and other opinion evidence without ever actually explaining what medical or opinion evidence in the record conflicts with those opinions.    Given that the entirely or partially rejected consultative

---

[5]    The supposed internal inconsistency asserted by the ALJ with respect to the opinions of both Dr. George and Dr. Ghostley appear overstated.  The ALJ does not explain why he finds Dr. Ghostley's opinion that Plaintiff has the intellectual and memory ability to understand and remember unskilled and semi-skilled occupations inconsistent with his opinion that Plaintiff's anxiety and depression would render her unable to persist in a job setting, relate to co-workers, supervisors, and members of the general public.  *See* Tr. 26.  On the surface, an individual's intellectual and memory capacity for understanding and remembering simple and unskilled occupations is distinct from that person's ability to function in a workplace and interact with others despite depression or anxiety.  Those are simply different areas of functioning.  Likewise, the ALJ does not explain how Dr. Ghostley's opinion that Plaintiff's mild to moderate impairment in her ability to respond appropriately to supervisors, co-workers, and work pressures is inconsistent with his separate opinion that she is not impaired in her ability to function independently and understand, remember, and carry out simple instructions.  *See* Tr. 27.  Again, these are distinct areas of functioning and it is not difficult to imagine that one might be more limited in one area than in the other.

14

examinations and Dr. Roque's reports appear to constitute the entirety of the medical and opinion evidence concerning Plaintiff's mental impairments, the undersigned is at a loss to ascertain to what evidence the ALJ is referring when he alludes to "other substantial evidence of record and other medical opinions" which conflict with the conclusions of Drs. George and Ghostley and are supposedly more consistent with the record.  As such, the undersigned is unable to conclude that the ALJ's decision is, in fact, supported by substantial evidence in the record, and this matter is due to be remanded so that the ALJ can clarify his findings and state, specifically, what objective medical or opinion evidence in the record is inconsistent with the mental limitations and restrictions opined by Drs. George, Roque, and Ghostley.[6]

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this matter is remanded back to the Commissioner.  A separate judgment will issue.

Done this 9th day of July, 2015.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE

---

[6]   In reversing and remanding, the undersigned signals no belief on the ultimate question of Plaintiff's alleged disability.  In particular, the court is cognizant of the VE's testimony that a hypothetical claimant with the mental restrictions or limitations opined by Dr. Ghostley would be able to perform certain jobs described by the VE at the hearing.  *See* Tr. 78-79.  Given this testimony, it is certainly plausible that the ALJ might find Plaintiff not disabled despite some asserted mental impairments.  However, in failing to credit aspects of even Dr. Ghostley's opinion on the basis of some purported conflict with medical or opinion evidence in the record which is curiously unexplained by the ALJ, the court is simply unable, at this time, to conclude that the ALJ's failure to find Plaintiff's depression a severe impairment is harmless error, or that the ALJ's decision is supported by substantial evidence.